2010-21165
FILED
January 19, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002357399

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA

Name of Debtor: Richard Dean Hartgrove  
Catherine Dawne Hartgrove

Case No.

Last four digits of Soc. Sec. No.: xxx-xx-8046  
Last four digits of Soc. Sec. No.: xxx-xx-3952

### CHAPTER 13 PLAN
■ MOTION(S) TO VALUE COLLATERAL AND ☐ MOTION(S) TO AVOID LIENS  
*[check if motion(s) appended]*

THIS PLAN AND THESE MOTIONS WILL BE CONSIDERED FOR CONFIRMATION AND APPROVAL AT A COURT HEARING. YOU WILL BE NOTIFIED OF THE HEARING DATE, TIME, LOCATION, AND THE DEADLINE FOR FILING AND SERVING WRITTEN OBJECTIONS. IN THE ABSENCE OF A TIMELY OBJECTION, THE COURT MAY DISPENSE WITH THE HEARING.

Debtor proposes the following Chapter 13 Plan effective from the date it is confirmed:

### Section I. Summary of Relevant Financial Information

| | |
|---|---|
| **1.01.** Annualized current monthly income under section 1325(b)(4), Line 15, Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Statement of CMI"). | $ 51,600.00 |
| **1.02.** Annualized current monthly income under section 1325(b)(3), Line 21, Statement of CMI. | $ 51,600.00 |
| **1.03.** Applicable median family income, Line 16, Statement of CMI. | $ 86,377.00 |
| **1.04.** Monthly net income from Line 20c of Schedule J. | $ 100.03 |
| **1.05.** *check applicable box and insert appropriate dollar amount*<br><br>☐ If annualized current monthly income is greater than applicable median family income, projected monthly disposable income from Line 59 Statement of CMI.<br><br>*- or -*<br><br>■ If annualized current monthly income is equal to or less than applicable median family income, projected monthly disposable income calculated without reference to section 707(b)(2)(A) & (B). | $ 0.00 |
| **1.06.** The amount entered at section 1.05 multiplied by the commitment period (section 2.03). | $ 0.00 |
| **1.07.** The total amount that would be paid to unsecured, nonpriority claims if the estate of Debtor were liquidated under chapter 7 of the Bankruptcy Code. | $ 0.00 |

### Section II. Plan Payments and Commitment Period
*[If sections 2.01, 2.02, or 2.03 are blank, refer to the "Additional Provisions" below.]*

**2.01 Payments from earnings.** To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis a portion of Debtor's future earnings. Debtor shall pay to Trustee the sum of $ __100.00__ each month. The monthly plan payment is subject to adjustment pursuant to section 3.10(d) below. Monthly plan payments must be received by Trustee not later than the 25th day of each month beginning the month after the petition is filed. The monthly plan payment includes all monthly contract installments due on Class 1 secured claims and adequate protection payments due on certain Class 2 secured claims, if any. ☐ Refer to "Additional Provisions" *[check if applicable]*

**2.02. Other payments.** In addition to the submission of future earnings, Debtor will make monthly payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows: . ☐ Refer to "Additional Provisions" *[check if applicable]*

**2.03. Commitment period.** The monthly plan payments will continue for __36__ months, the commitment period of the plan. Monthly plan payments must continue for the entire commitment period unless all allowed unsecured claims are paid in full over a shorter period of time. If necessary to complete this plan, Debtor may make monthly payments for up to 6 months beyond the commitment period, but in no event shall monthly payments continue for more than 60 months. ☐ Refer to "Additional Provisions" *[check if applicable]*

### Section III. Claims and Expenses

A. Proofs of Claim

**3.01.** A timely proof of claim must be filed by or on behalf of a creditor, including a secured creditor, before a claim may be paid pursuant to this plan.

**3.02.** Notwithstanding section 3.01, monthly contract installments falling due after the filing of the petition shall be paid to holders of Class 1 and Class 4 claims whether or not they have filed proofs of claim or the plan is confirmed.

**3.03.** Post-petition amounts due on account of domestic support obligations, loans from retirement or thrift savings plans of the types described in section 362(b)(19), and executory contracts and unexpired leases to be assumed shall be paid by Debtor directly to the person or entity entitled to receive such payments whether or not a proof of claim is filed or the plan is confirmed.

**3.04.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this plan and a proof of claim is filed, dividends shall be paid based upon the proof of claim unless the granting of a valuation or a lien avoidance motion, or the sustaining of a claim objection, affects the amount or classification of the claim.

B. Administrative Expenses

**3.05. Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation but excluding direct payments on Class 4 claims.

**3.06. Fees of former chapter 7 trustee.** Payment of compensation of the type described in section 1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to nonpriority unsecured creditors divided by the commitment period, each month for the duration of the plan.

**3.07. Administrative expenses.** Except to the extent the court approves, and the claimant agrees to, a different treatment, and unless section 1326(b)(3)(B) is applicable, approved administrative expenses shall be paid in full through the plan.

**3.08. Debtor's attorney's fees.** Debtor paid an attorney $__3,500.00__ prior to the filing of the petition. Any additional fees the court may approve shall be paid in full through this plan. Debtor estimates that a further $__0.00__ in attorney's fees will be incurred throughout this case.

C. Secured Claims

**3.09. Class 1. Long-term secured claims that were delinquent when the petition was filed and mature after the last payment under the plan.** This plan will cure all pre-petition arrears but not otherwise modify Class 1 claims. Each claimant will retain its existing lien and receive no less than the equal monthly amount specified below as its plan dividend. Trustee also shall pay all post-petition monthly contract installments falling due on each Class 1 claim.

| Class 1 Creditor's Name/ Collateral Description | Monthly Contract Installment | Monthly Late charge | Pre-petition Arrears | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**3.10. Monthly contract installments paid by Trustee on Class 1 claims. (a)** If debtor makes a partial plan payment that is insufficient to pay all monthly contract installments due on Class 1 claims, these installments will be paid in the order Debtor has listed Class 1 claims above. **(b)** Trustee will not make a partial payment on account of a monthly contract installment. **(c)** If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to pay timely a monthly contract installment due on a Class 1 claim, Debtor's cure of this default must be accompanied by the

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037       Best Case Bankruptcy

applicable late charge(s). **(d)** Upon their receipt, Debtor shall mail or deliver to Trustee all notices from Class 1 creditors including, without limitation, statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit the sending of such notices. Prior to mailing or delivering any such notice to Trustee, Debtor shall affix the chapter 13 case number to it. If any such notice advises Debtor that the amount of the contract installment payment has increased or decreased, the plan payment shall be adjusted accordingly.

**3.11. Class 2. Secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.** Each Class 2 claim will be paid in full, retain its existing lien, and receive no less than the equal monthly amount specified below as its plan dividend. The amount of a Class 2 claim shall be the amount due under any contract between the Debtor and the claimant or under applicable nonbankruptcy law, or, if section 506(a) is applicable, the value of the collateral securing the claim, whichever is less. Section 506(a) is not applicable if the claim is secured by a purchase money security interest and **(a)** was incurred within 910 days of the filing of the petition and is secured by a motor vehicle acquired for the personal use of the Debtor, or **(b)** the claim was incurred within 1-year of the filing of the petition and is secured by any other thing of value.

| Class 2 Creditor's Name/ Collateral Description | Purchase Money Security Interest? Y/N | Is Claim Subject to § 506(a)? Y/N | Claim Amount | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| 1. Beneficial/hfc / 4407 Rawson Road, Corning, CA 96021. APN 069200151. 4 bedroom/1.5 bath, 1600 sq. ft, approx 75 years old. | N | Y | 74,272.00 | 0.00% | 0.00 |

**3.12. Adequate protection payments.** Prior to confirmation, Trustee shall pay on account of each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment as required by section 1326(a)(1)(C). This adequate protection payment shall be the equal monthly amount proposed by this plan as the dividend for each Class 2 claim. Adequate protection payments shall be disbursed by Trustee in connection with his customary month end disbursement cycle beginning the month after the petition is filed. If a Class 2 claimant is paid a monthly adequate protection payment, that claimant shall not be paid a monthly dividend after confirmation for the same month.

**3.13. Post-petition interest** shall accrue on Class 1 and 2 claims at the above rates. If the plan specifies a "0%" rate, no interest will accrue. However, if the provision for interest is left blank, interest at the rate of 10% per year will accrue.

**3.14. Class 3. Secured claims satisfied by the surrender of collateral.** Entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a Class 3 secured claim to repossess, receive, take possession of, foreclose upon, and exercise its rights and judicial and nonjudicial remedies against its collateral.

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? Y/N |
|---|---|---|
| -NONE- | | |

**3.15. Class 4. Secured claims paid directly by Debtor or third party.** Class 4 claims mature after the completion of this plan, are not in default, and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not the plan is confirmed. Entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a Class 4 secured claim to exercise its rights against its collateral in the event of a default under the terms of its loan or security documentation provided this case is then pending under chapter 13.

| Class 4 Creditor's Name | Monthly Contract Installment | Maturity Date |
|---|---|---|
| 1. Beneficial/hfc | 1,127.97 | |

**3.16.** Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan. The failure to provide for a secured claim in one of these classes may be cause to terminate the automatic stay.

D. Unsecured Claims

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                Best Case Bankruptcy

**3.17.** **Class 5. Unsecured claims** entitled to priority pursuant to section 507 shall be paid in full except as provided in section 3.18.

| Class 5 Creditor's Name | Type of Priority | Claim Amount |
|---|---|---|
| -NONE- | | |

**3.18.** If the holder of a priority claim has agreed to accept less than payment in full, or if this plan will not pay a priority claim of the type described in section 1322(a)(4) in full, the identity of the claim holder and the treatment proposed shall be included in the Additional Provisions below. The failure to provide a treatment for a priority claim that complies with sections 1322(a)(2) or 1322(a)(4) is a breach of this plan.

**3.19.** **Class 6. Special unsecured claims.** This class includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Class 6 Creditor's Name | Reason for Special Treatment | Claim Amount |
|---|---|---|
| -NONE- | | |

**3.20.** **Class 7. General unsecured claims.** Claims not listed as Class 5 or 6 claims, and that are not secured by property belonging to Debtor, will receive no less than a __2__ % dividend pursuant to this plan. Debtor estimates that general unsecured claims, including the under-collateralized portion of secured claims not entitled to priority, total $ __147,144.22__ .

### Section IV. Executory Contracts And Unexpired Leases

**4.01.** Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation, all post-petition payments. Unless a different treatment is required by section 365(b)(1) (which such treatment shall be set out in the Additional Provisions) any pre-petition arrears shall be paid in full either as a Class 1 or a Class 6 Claim.

**4.02.** Any executory contract or unexpired lease not listed in the table below is rejected. Entry of the confirmation order modifies the automatic stay to allow the nondebtor party to a rejected unexpired lease to obtain possession of leased property.

| Name of Other Party to Executory Contract or Unexpired Lease | Pre-petition Arrears | Regular Payment | Will Arrears Be Paid as a Class 1 or 6 Claim? |
|---|---|---|---|
| -NONE- | | | |

### Section V. Payment of Claims and Order of Payment

**5.01.** After confirmation of this plan, funds available for distribution will be paid monthly by Trustee to holders of allowed claims and approved expenses.

**5.02.** **Distribution of plan payment.** Each month, the plan payments (see section 2.01 and 2.02) must equal at least the aggregate of: **(a)** Trustee's fees; **(b)** any monthly contract installments due on Class 1 claims; **(c)** $ __0.00__ for administrative expenses described in section 3.06, 3.07, and 3.08, distributed between administrative claimants as specified in section 5.03; and **(d)** the monthly dividends specified above for Class 1 arrearage claims and Class 2 secured claims. To the extent the plan payments are not needed to pay contract installments on Class 1 claims, approved administrative expenses, Class 1 arrearage claims, or Class 2 secured claims, they shall be distributed on a pro rata basis first to Class 5 priority claims, second to holders of Class 6 unsecured claims, and third to Class 7 unsecured claims.

**5.03.** **Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 5.02 for administrative expenses of the types described in section 3.06, 3.07, and 3.08 shall be distributed first on account of the monthly dividend due to a former chapter 7 trustee pursuant to section 3.06, then to holders of administrative expenses described in sections 3.07 and 3.08 on a pro rata basis.

**5.04.** Distributions on account of a Class 1, 2, 5, 6, or 7 allowed claim will be based upon the claim as demanded in the proof of claim rather than as estimated and characterized by this plan except to the extent the disposition of a claim objection, motion to value collateral, or lien avoidance motion requires otherwise.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

## Section VI. Miscellaneous Provisions

      **6.01.**    **Vesting of property.** Any property of the estate scheduled under section 521 shall *[choose one]* ☐ revest in Debtor on confirmation or ■ not revest in Debtor until such time as a discharge is granted. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

      **6.02.**    **Debtor's duties.** In addition to the duties imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and General Order 05-03, this plan imposes the following additional requirements on Debtor: **(a) Transfers of property and new debt.** Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal or real property with a value of $1,000 or more other than in the regular course of the Debtor's financial or business affairs without first obtaining court authorization. Except as provided in sections 364 and 1304, Debtor shall not incur aggregate new debt exceeding $1,000 without first obtaining court authorization. If Trustee approves a proposed transfer or new debt, court approval may be obtainable without a hearing. To determine the appropriate procedure, Debtor should consult the General Order. A new consumer debt of less than $1,000 shall not be paid through this plan absent compliance with sections 1305(c). **(b) Insurance.** Debtor shall maintain insurance as required by any law or contract and Debtor shall provide evidence of that insurance as required by section 1326(a)(4). **(c) Compliance with applicable non-bankruptcy law.** Debtor's financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes. **(d) Periodic reports.** Upon Trustee's request, Debtor shall provide Trustee with a copy of any tax return, W-2 form, and 1099 form filed or received while the case is pending, and furnish Trustee with quarterly financial information regarding Debtor's business or financial affairs. **(e) Documents required by Trustee.** Debtor shall provide to Trustee not later than the 15 days after the filing of the petition with written notice of the name and address of each person to whom Debtor owes a domestic support obligation together with the name and address of the relevant State child support enforcement agency [see 42 U.S.C. §§464 & 466], a wage order in the form requested by Trustee, and a Class 1 Worksheet and Authorization to Release Information for each Class 1 claim.

      **6.03.**    **Remedies on default.** If Debtor defaults under this plan, or if the plan will not be completed within six months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If, on motion of a creditor, the court terminates the automatic stay to permit a creditor holding a Class 1 or 2 secured claim to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further plan payments on account of such secured claim, any portion of the secured claim not previously satisfied under this plan shall be satisfied as a Class 3 claim, and any deficiency remaining after the disposition of the collateral shall be satisfied as a Class 7 unsecured claim provided a timely proof of claim or amended proof of claim is filed and served on Debtor and Trustee.

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

## Section VII.  Additional Provisions

**7.01.** Other than to insert text into the designated spaces, to expand the tables to include additional claims, or to change the title to indicate the plan is an amended or modified plan, the preprinted language of this form shall not be altered. This does not mean that Debtor is prohibited from proposing additional or different plan provisions. As long as consistent with the Bankruptcy Code, Debtor may propose additional or different plan provisions or specify that any of the above provisions will not be applicable. Each such provision or deletion shall be set out on a separate page and shall be identified by a section number (7.02, 7.03, etc.).

**Upon completion of the plan and the receipt of a discharge in this case, the claim of Beneficial/hfc (acct #5007) secured by Debtors residence located at 4407 Rawson Road, Corning, California 96021 is satisfied and Debtors will be entitled to reconveyance of the subject deed of trust.  If it is not reconveyed, Debtors may file an adversary proceeding under Rule 7001(2), of the Federal Rules of Bankruptcy Procedure seeking to remove the subject deed of trust.**

Dated: **January 18, 2010**

**/s/ Richard Dean Hartgrove**
**Richard Dean Hartgrove**
Debtor

**/s/ Catherine Dawne Hartgrove**
**Catherine Dawne Hartgrove**
Joint debtor

# ATTACHMENT M-3
Optional - Discard if not used
## MOTIONS TO VALUE COLLATERAL
(Pursuant to subsections (a) and (d) of 11 U.S.C. § 506
and Federal Rule of Bankruptcy Procedure 3012)

(A separate motion must be filed as to each creditor)
NUMBER OF MOTIONS TO VALUE COLLATERAL IN THIS PLAN  1
DOCKET CONTROL NUMBER ASSIGNED TO THIS MOTION TO VALUE COLLATERAL: __

**NOTICE IS HEREBY GIVEN** that Debtor requests the court to value the property described below. This property secures the claim of the creditor named below. Debtor also requests that the amount of the creditor's secured claim not exceed the value of its security, less the claims of creditors holding senior liens or security interests. This determination will supercede any greater secured claim demanded in a proof of claim. Any objections to the creditor's claim are reserved and will be filed after the creditor has filed a proof of claim. In the opinion of the debtor, the collateral has the replacement value indicated below.

Name of the creditor whose collateral is being valued by this motion:

**Beneficial/hfc**

Total amount of this creditor's claim:  $ 74,272.00

Description of collateral [*For vehicles include the mileage on the date of the petition and a list of optional equipment. For real property, state the street address and a brief description of it such as "single family residence" or "ten-acre undeveloped lot"*]:
4407 Rawson Road, Corning, CA 96021. APN 069200151. 4 bedroom/1.5 bath, 1600 sq. ft, approx 75 years old.

The amount owed to and the name of all creditors holding liens or security interests senior to the lien or security interest of the above-named creditor:
**Beneficial/hfc - $154,053.00**

Debtor's opinion of the collateral's "replacement value" [as defined and limited by section 506(a)(2)]:  $ 137,775.00

Other information relevant to the resolution of this motion:

I (we) declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: **January 18, 2010**

/s/ Richard Dean Hartgrove
**Richard Dean Hartgrove**
Debtor

/s/ Catherine Dawne Hartgrove
**Catherine Dawne Hartgrove**
Joint Debtor